IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| FLOYD T. SMITH <br> PLAINTIFF | * <br> * <br> * |
| V. | * <br> *   CASE NO.  4:18CV00880 SWW <br> * |
| MAJOR GENERAL KENDALL W. PENN, the Adjunct General for the State of Arkansas <br> DEFENDANT | * <br> * <br> * <br> * <br> * |

**<u>OPINION and ORDER</u>**

Floyd T. Smith ("Smith") brings this employment dispute against his employer, the Arkansas Department of the Military (the "ADM"), claiming that the ADM failed to promote him because of his race and in retaliation for complaining about race discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended. Smith also brings a supplemental claim under the Arkansas Whistle-Blower Act. Before the Court is the ADM's motion for summary judgment [ECF Nos. 19, 20, 21], Smith's response in opposition [ECF Nos. 28, 29, 30], and the ADM's reply [ECF No. 31]. After careful consideration, and for reasons that follow, summary judgment is granted in favor of the ADM. Smith's

Title VII claims are dismissed with prejudice, and his supplemental state law claim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## I.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)
The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.  The ADM employs Smith as a captain for the Camp Robinson Police Department (CRPD), the primary law enforcement agency for Camp Robinson.  In March 2017, Smith, who is black, filed a discrimination complaint against Joseph Taylor, who then served as the CRPD Chief of Police.  In August 2017, Taylor was terminated for committing unlawful employment practices, some of which Smith had reported.  On October 25, 2016, the ADM advertised a job opening for the Chief of Police position, made vacant by Taylor's termination.  Smith applied for the job, but he did not possess the

2

preferred job qualifications listed on the job posting. Smith was not selected for an interview, and on January 29, 2019, the ADM hired Gary Dennis to serve as Chief of Police. Unlike Smith, Dennis possessed the preferred qualifications for the position.

On March 30, 2018, Smith filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging as follows:

> I was hired in June 1999, and my current position is Captain. The former chief was fired after I filed EEOC Charge 493-2017-01191 in June 2017. I applied for the chief position about November 7, 2018 and was informed via email that I met the qualifications on November 9. I was not given an interview. Two lesser-qualified Whites were interviewed. I [was] directed to conduct background checks on the applicants and learned the selectee was fired (or allowed to resign) after sexual harassment allegations a few years earlier at a state college. I was told to not [investigate] any further. The new person started the position in January 2018.
>
> I was told I did not have the PREFERRED qualifications.
>
> I believe I was not interviewed or promoted in retaliation for filing previous charged and because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.[1]

In response to Smith's complaint, the EEOC issued a dismissal and notice of suit rights letter dated August 31, 2018, informing Smith of his right to file suit within ninety days of his receipt of the notice.[2] On November 26, 2018, Smith filed this action, charging that the ADM failed to promote him to Chief of Police

---

[1] ECF No. 19-3.
[2] ECF No. 19-4.

based on his race and in retaliation for his previous discrimination charge. Smith also brings a supplemental claim state law claim under the Arkansas Whistle-Blower Act.

## III.

The ADM moves for summary judgment asserting that Smith exhausted only a portion of his claims and failed to bring suit within the time frame required under Title VII. ADM further asserts that no genuine issues exist as to Smith's discrimination and retaliation claims.

### A. Exhaustion and Timely Filing Requirements

Title VII establishes an administrative exhaustion requirement that a complaining employee must follow before filing a lawsuit in federal court. "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81, 109 S. Ct. 2363, 2374-75, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must (1) file a timely charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. *Williams,* 21 F.3d at 222. Once an employee

receives a right-to-sue letter from the EEOC, he has ninety days in which to file suit.  *See* 42 U.S.C. § 2000e-5(f)(1).

Smith's predicate March 30, 2018 EEOC charge claims that the ADM failed to promote him because of his race and in retaliation for filing an EEOC claim in June 2017.  The ADM notes that Smith's complaint includes additional grievances about his working conditions, including unfavorable job assignments and that his supervisor has prevented him from disciplining white subordinates without a witness present.  Under Eighth Circuit precedent, a plaintiff is deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  The scope of an employment discrimination suit is as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.  *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000).  Based on the content of the predicate discrimination charge, the scope of a reasonable EEOC investigation would not have included the additional grievances mentioned in the complaint, and Smith offers no evidence that he exhausted such claims.  Accordingly, to the extent that Smith pursues additional claims in this case, they are barred for failure to exhaust.

The ADM further asserts that Smith failed to file this lawsuit within ninety days of receiving his notice of suit rights. The Court disagrees. Smith's right-to-sue letter is dated August 31, 2018, and he filed this action eighty-seven days later, on November 26, 2018.

### B. Failure to Promote

Because the record is void of direct evidence of race discrimination, Smith must survive summary judgment under the *McDonnell Douglas* burden-shifting analysis. To establish a *prima facie* case of discrimination, Smith must show that (1) he was a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was not selected for the position; and (4) ADM promoted a person outside of the protected class. *Arraleh v. Cty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006)(citing *Kobrin v. Univ. of Minn.,* 34 F.3d 698, 702 (8th Cir.1994)).

If Smith establishes a *prima facie* case, the ADM can rebut the presumption of discrimination with evidence that it rejected Smith, or preferred someone else, for a legitimate, nondiscriminatory reason. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Once the ADM meets its burden, Smith may prevail by pointing to evidence that would expose the agency's stated reason as a mere pretext for intentional discrimination. *Id*.

The ADM asserts that it did not promote Smith because he lacked the preferred qualifications to serve as Chief of Police. As posted, the minimum qualifications for the job included the equivalent of a bachelor's degree with a major in criminal justice, criminology, public administration, or a related field, and three years of law enforcement experience, with two years in a supervisory capacity. Although Smith did not have a bachelor's degree when he applied, the posting stated that on-the-job education or experience could serve as a substitute for education and supervisory experience requirements, and Smith did possess on-the-job experience.

However, the job posting also listed preferred qualifications, including experience working for Homeland Security and two years' experience as a chief or director of a law enforcement or public safety agency. It is undisputed that Smith lacked these qualifications, which were possessed by the successful candidate.

In response to the ADM's proffered reason for its hiring decision, Smith points to his deposition testimony, in which he opined that all applicants for the Chief of Police position were "equally qualified." Smith offers no evidence to substantiate his opinion. Smith also claims that "[h]e was informed that he had qualified for the position before later . . . being told that he did not qualify."[3] Even if Smith presented evidence that initially, someone told him that he was qualified

---

[3] ECF No. 29, at 3.

for the job, it would fail to expose the ADM's proffered reason as pretext for discrimination. The Court finds that Smith has failed to come forward with genuine issues for trial on his failure-to-promote claim.

### C. Retaliation

Because the ADM has come forward with a non-retaliatory reason for rejecting Smith's application for Chief of Police, Smith shoulders the burden to present evidence that "'(1) creates a question of fact as to whether [the ADM's] reason was pretextual and (2) creates a reasonable inference that [the ADM] acted in retaliation.'" *Stewart v. Independent School Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007)(quoting *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005)).

As explained above, Smith has failed to rebut the ADM's proffered reason for its hiring decision. Accordingly, no issues for trial exist as to Smith's retaliation claim. *See Putman v. Unity Health System* 348 F.3d 732, 737 (8th Cir. 2003)(affirming dismissal of retaliatory termination claim when plaintiff failed to show that employer's nondiscriminatory reason for the termination was pretextual).

### D. Supplemental Claim Under the Arkansas Whistleblower Act

Because the Court finds no issues for trial with respect to claims over which this Court has original jurisdiction, those claims will be dismissed with prejudice,

and the Court will dismiss Bell's supplemental state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## IV.

For the reasons stated, Defendant's motion for summary judgment [ECF No. 19] is GRANTED.  Pursuant to the judgment entered together with this order, Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, as amended, are DISMISSED WITH PREJUDICE, and Plaintiff's supplemental state law claim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  This action is dismissed in its entirety.

IT IS SO ORDERED THIS 7TH  DAY OF JULY, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE